Homo v. Henniker                          CV-95-499-SD  05/28/96
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Lawrence R. Homo, Sr.;
Katheren I. Homo

      v.                                    Civil No. 95-499-SD

Town of Henniker;
William Belanger;
Wayne Colby;
Kenneth Ward;
Edward Wojnowski;
Walter Crane;
Meridan Timber Company;
John's Wrecker Service;
Jeffrey Fielding


                            O R D E R


      In this civil action, plaintiffs Lawrence R. Homo, Sr., and

Katheren I. Homo have filed a four-count complaint against the

above-named defendants for alleged deprivations of certain rights

protected by the constitutions of the United States and the State

of New Hampshire.

      Presently before the court is defendants' motion for summary

judgment, to which no objection has been filed.[1]

---

      [1]Plaintiffs have filed with the court a "Notice of Contract
and Reaffirmation Under the Jurisdiction of the American Flag of
Peace of the United States of America."  Insofar as such document
is specifically directed to the court, the court does not
construe same as an objection to defendants' motion for summary
judgment.  With respect to the intendment of the document, the

## Discussion

Having reviewed defendants' motion for summary judgment in conjunction with the complaint filed herein, the court finds and rules that this litigation is like, in the inestimable words of Lawrence Peter Berra, Litt.D., a/k/a Yogi Berra, "déjà vu all over again." Bartlett's Familiar Quotations 754 (16th ed. 1992).

The court further finds and rules that the principles of res judicata estop plaintiffs[2] from attempting to litigate what has heretofore been given full and fair process in the courts of both New Hampshire, see Lawrence R. Homo, Sr., et al. v. Town of Henniker, et al., Civil Action No. 94-C-00130-WS (N.H. Super. Ct. May 10, 1994) (granting defendants' motion to dismiss), aff'd, Case No. 94-456 (N.H. Nov. 14, 1994), reh'g denied (Jan. 19, 1995), and the United States, see Homo v. Town of Henniker, et al., Civil No. 94-387-SD (D.N.H. July 6, 1996) (granting defendants' motion for judgment on pleadings on ground of res judicata), aff'd without opinion, 78 F.3d 577 (1st Cir. 1996); see also Homo, et al. v. Town of Henniker, et al., Civil No. 92-

_____

court directs plaintiffs' attention to 28 U.S.C. § 453 (1993) (oaths of justices and judges).

[2]The addition of certain parties as plaintiffs and defendants in this action who were not parties to Civil No. 94-387-SD, does not alter the result. Quite to the contrary, the parties herein are actually more similar to those involved in the superior court action, and thus present an even stronger argument for the application of res judicata to the instant pleadings.

2

180-SD (D.N.H. Sept. 30, 1994) (approving magistrate judge's report and recommendation dismissing complaint).

Accordingly, the court herewith grants defendants' motion for summary judgment.

## Conclusion

For the reasons set forth herein, defendants' motion for summary judgment (document 5) is granted.  Judgment shall be entered accordingly.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 28, 1996

cc:  Lawrence R. Homo, Sr., pro se
     Katheren I. Homo, pro se
     Barton L. Mayer, Esq.